UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

LORNA ASH,

**09-20406-CiV-HUCK/O'SULLIVAN**

Plaintiff,

v.

SAMBODROMO, LLC,

Defendant.
_____/

### NOTICE OF REMOVAL

Defendant, SAMBODROMO, LLC, pursuant to 28 U.S.C. §§ 1441 and 1446, et. al., hereby files this Notice of Removal of the action styled "LORNA ASH v. SAMBODROMO, LLC", from the Circuit Court of the 11th Judicial Circuit in Miami Dade County, Florida, Case No. 09-10297 CA 32 (the "State Court Action"). As grounds for removal, Defendant states as follows:

1.  On or about Feb. 9, 2009, the State Court Action was commenced in the Circuit Court of the 11th Judicial Circuit in Miami Dade County, Florida, which county is within the Southern District of Florida. The suit is styled as above and numbered Civil Action Number 09-10297 CA 32. Copies of all process, pleadings and orders received by Defendant in the State Court Action are attached hereto as Exhibit "A".

2.  A Summons and copy of the Complaint in the State Action were served upon the Defendant on Feb. 12, 2009. Pursuant to 28 U.S.C. § 1446(b), a Notice of Removal must be filed within thirty days of receipt of the initial pleading by the Defendant through service or otherwise. This notice is being filed within thirty days of service upon Defendant and is timely.

3.  Defendant has simultaneously filed a copy of this Notice of Removal with the Circuit

*Ash v. Sambodromo, LLC*
*Notice of Removal*

Court of the 11th Judicial Circuit in Miami Dade County, Florida and served a copy of this Notice of Removal on Plaintiff's counsel, pursuant to 28 U.S.C. § 1446(d).

### Plaintiff's Complaint Arises Under Federal Law

4. Plaintiff's Complaint alleges the Defendant's violation of the Fair Labor Standards Act, 29 U.S.C. §201 et seq.

5. Removal of a case to federal court is proper if the district court would have had jurisdiction over the case had the case been brought there originally. *See* 28 U.S.C. § 1441. Any civil action founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable. *Id.* at § 1441(b). Because the claims herein arise under a federal law, 29 U.S.C. §201 et seq, they give rise to federal question jurisdiction. *See* 28 U.S.C. § 1331. Moreover, because the federal issue appears on the face of the Plaintiff's Complaint, there is no question that it could have been brought in federal court to begin with.

### Conclusion

6. The above styled civil action of which this Court has original jurisdiction under the provisions of 28 U.S.C. §1331 and 1441, and accordingly is one which may be removed to this Court by the Defendants pursuant to 28 U.S.C. §§ 1441 and 1446.

WHEREFORE, Defendant, SAMBODROMO, LLC hereby removes the case to the United States District Court for the Southern District of Florida and requests that the Court issue such orders that are necessary to preserve its jurisdiction over this matter.

Page 2 of 4

*Ash v. Sambodromo, LLC*
*Notice of Removal*

Respectfully submitted,
SEIDEN, ALDER, MATTHEWMAN & BLOCH, P.A.
Attorneys for Defendant
7795 N.W. Beacon Square Boulevard, Suite 201
Boca Raton, Florida 33487
Telephone: (561) 416-0170
Facsimile: (561) 416-0171

By: /s/ Misha Kerr
Joel B. Rothman
Florida Bar No. 0098220
jrothman@seidenlaw.com
Misha J. Kerr
Florida Bar No. 39652
mkerr@seidenlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this __17__ day of February, 2009, a true and correct copy of the foregoing was sent via U.S. Mail to all counsel of record reflected on the attached Service List.

SEIDEN, ALDER, MATTHEWMAN & BLOCH, P.A.
Attorneys for Defendant
7795 N.W. Beacon Square Boulevard, Suite 201
Boca Raton, Florida 33487
Telephone: (561) 416-0170
Facsimile: (561) 416-0171

By: /s/ Misha Kerr
Joel B. Rothman
Florida Bar No. 0098220
jrothman@seidenlaw.com
Misha J. Kerr
Florida Bar No. 39652
mkerr@seidenlaw.com

Page 3 of 4

*Ash v. Sambodromo, LLC*
*Notice of Removal*

## SERVICE LIST
## LORNA ASH, Plaintiff v. SAMBODROMO, LLC, Defendant
## CASE NO. _____
## United States District Court, Southern District of Florida

Lawrence J. McGuinness, Esq.
Florida Bar No. 814611
Lawrence J. McGuinness, P.A.
5805 Blue Lagoon Drive, Suite 145
Miami, FL 33126
Telephone: 305-264-5611
Facsimile: 305-264-5617
E-Mail: ljmpa@comcast.net
(Counsel for Plaintiff)

W:\1104.004\Pleadings\Notice of Removal.wpd

```
                              IN THE CIRCUIT COURT OF THE 11th
                              JUDICIAL CIRCUIT IN & FOR MIAMI-DADE
                              COUNTY, FLORIDA

                              GENERAL JURISDICTION DIVISION

LORNA ASH,              :     CASE NO.   09-10297 CA 32
          Plaintiff,    :
                        :
vs.                     :
                        :
SAMBODROMO, LLC,        :
                        :
          Defendant.    :     SUMMONS
_____/
```

THE STATE OF FLORIDA:

To Each Sheriff of Said State:

    YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint in this action on Defendant SAMBODROMO, LLC BY SERVING, PURSUANT TO F.S. §48.091:

    Registered Agent:  Danielle Billera
                            600 Lincoln Rd.
                            Miami Beach, FL 33139

    If service cannot be made on the Registered Agent because of failure to comply with F.S. § 48.091, service of process shall be permitted on any employee at the corporation's place of business.

    OR BY SERVING, ONE OF THE FOLLOWING IN THE ORDER OR PRIORITY AS LISTED BELOW, PURSUANT TO F.S. §48.081:

    1.    The president or vice president, or other head of the corporation; and/or in his or her absence;

    2.    The cashier, treasurer, secretary or general manager; and in the absence of all of the above;

    3.    Any director; and in the absence of all of the above; or

    4.    Any officer or business agent residing in the state.

-1-



EXHIBIT A

Each Defendant is required to serve written defenses to the Complaint on Plaintiff's attorney, whose address is:

LAWRENCE J. McGUINNESS, P.A.
Counsel for Plaintiff
5805 Blue Lagoon Dr., Suite 145
Miami, Florida 33126
Tel No.: (305) 264-5611
Fax No.: (305) 264-5617

Attention: LAWRENCE J. McGUINNESS, ESQ.

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

FEB 0 9 2009

DATED ON _____, 2009.

Clerk of the Court

By:_____
as Deputy Clerk

-2-

```
                                    IN THE CIRCUIT COURT OF THE 11th
                                    JUDICIAL CIRCUIT IN & FOR MIAMI-DADE
                                    COUNTY, FLORIDA

                                    GENERAL JURISDICTION DIVISION

LORNA ASH,                    :     CASE NO.  09-10297 CA 32
          Plaintiff,          :
                              :
vs.                           :                ORIGINAL
                              :                 FILED
SAMBODROMO, LLC,              :               FEB 09 2009
                              :     FLSA
          Defendant.          :     COMPLAINT  HARVEY RUVIN
_____/                 CLERK
```

1.  Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. §201 et seq. (the "Act"), on behalf of themselves and other similarly situated current and former tipped employees ("Servers") of Defendant (hereinafter referred to as the "Employer") for minimum wage violations of the Act and for retaliation.

## A. INTRODUCTION TO "TIP CREDIT" VIOLATIONS

2.  From June 2005 through January 3, 2009, Plaintiff worked for the Employer in Miami-Dade County, Florida in its restaurant in the position of Server. Plaintiff and the Servers are covered employees for purposes of the Act.

3.  For Count I, Plaintiff and the Servers have the following characteristics with respect to the minimum wage allegations:

a.  The Employer paid the Servers a reduced gross hourly wage pursuant to §3(m) of the Act;

b.  Servers are required to share a percentage of their tips with non-tipped employees and/or employees who are not then working as tipped employees and the Employer required that Servers pay out excessive amounts of their tips;

-1-

c.  The Employer required that the Servers perform non-tipped work, including training and wine classes, at the reduced hourly wage; and

d.  The Employer took illegal tip deductions from Plaintiff and the Servers in violation of the Act.

## B. THE EMPLOYER

4. The Employer is subject to the Act and is a foreign corporation doing business in Miami-Dade County, Florida and within the jurisdiction of this Court. The Employer is, and at all times pertinent to this Complaint, was engaged in interstate commerce.

5. The Employer is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s).

## D. VENUE & JURISDICTION

6. This action is brought by Plaintiff and the Servers to recover from the Employer compensation for the Employer's minimum wage violations, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §§ 206, 207 and 216(b). Plaintiffs, on behalf of those Servers currently working for the Employer, requests injunctive relief as provided by the Act against the Employer.

7. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).

8. By reason of their employment with the Employer, Plaintiff and the Servers were employed during such period by an enterprise engaged in commerce within the meaning of 29 U.S.C. § 206(a) and 207(a). The work performed by Plaintiff and the Servers

-2-

was directly essential to the those interstate activities described herein which was directly essential to the business performed by the Employer. Plaintiff and the Servers, by virtue of their job duties and functions as described above, were engaged in commerce.

9. All conditions precedent to bringing this action have occurred, have been satisfied, or have otherwise been waived.

## COUNT I
## RECOVERY OF MINIMUM WAGE VIOLATIONS
## AGAINST THE EMPLOYER

10. Plaintiff readopts and realleges all allegations contained in ¶¶1-9 above.

11. At all times material hereto, the Employer failed to comply with §3(m) of the Act, Title 29 U.S.C. §§201-219 and 29 C.F.R. §516.2 and §516.4 et seq. in that Plaintiff and the Servers actually received less than the applicable minimum wage per hour for the reasons alleged at ¶¶ 3 and 4 above which resulted in a minimum wage violation and/or Plaintiff and the Servers illegally shared their tips with non-tipped employees and/or employees who were then performing non-tipped work.

12. As a result of the Employer's acts as described at ¶11 above, Plaintiff's and the Servers' hourly wages were reduced below the applicable minimum wage in violation of the Act and/or the Employer violated the Act's minimum wage provisions.

13. Plaintiff and the Servers are entitled to be paid at least the applicable reduced minimum wage while they are doing tipped work and no less than the minimum wage while they are doing non-tipped work and/or in training. Furthermore, non-tipped employees are not entitled to share in any part of Plaintiff's and the Servers' tips.

-3-

14. As a result of the Employer's acts as described above, Plaintiff's and the Servers' hourly wages were below the applicable minimum wage and/or reduced minimum wage in violation of the Act and/or the Employer's actions resulted in minimum wage violations.

15. The Employer knew and/or showed reckless disregard of the provisions of the Act concerning the payment of hourly wages to Plaintiff and Servers in accordance with the Act.

16. By reason of the said intentional, willful and unlawful acts of the Employer, Plaintiff and the Servers have suffered damages (as described above) plus incurring costs and reasonable attorneys' fees and are entitled to damages as provided by §216 of the FLSA, repayment of all improperly shared tips, and reimbursement for all improper deductions. As a result of the Employer's willful disregard of the Act, Plaintiff and the Servers are entitled to liquidated damages.

WHEREFORE, Plaintiff and the Servers who have or will opt-in to this action demand judgment against the Employer for payment of all of their hours worked at the applicable minimum wage, reimbursement for all of their work related costs and expenses, liquidated damages, reasonable attorney's fees and costs of suit, injunctive and declaratory relief, and for all other relief allowed by §216(b) of the FLSA.

## COUNT II
## VIOLATION OF 29 U.S.C. § 215(a)(3)
## AGAINST THE EMPLOYER

17. Plaintiff readopt and reallege the allegations contained in ¶¶1-9 above.

18. On or about January 3, 2009, the Employer fired Plaintiff based on their earlier complaints about the violations stated in ¶3 above.

19. The Employer violated 29 U.S.C. § 215(a)(3) of the Act and showed reckless disregard of the provisions of the Act concerning its retaliation against Plaintiff.

20. By reason of the foregoing acts of the Employer, Plaintiff has been damaged.

WHEREFORE, Plaintiff demands judgment against the Employer for its violation of 29 U.S.C. § 215(a)(3) damages, liquidated damages, reasonable attorney's fees and costs of suit, and for all other relief available under the Act.

## JURY DEMAND

Plaintiff demands trial by jury for Counts I and II.

Respectfully submitted,

LAWRENCE J. McGUINNESS, P.A.
Counsel for Plaintiff
5805 Blue Lagoon Dr., Suite 145
Miami, Florida 33126
Ph. No. (305) 264-5611
Fax No. (305) 264-5617
ljmpalaw@netzero.com

By: _____
LAWRENCE J. McGUINNESS
Fla. Bar No. 814611

-5-

℟JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Lorna Ash | Sambodromo, LLC |
| (b) County of Residence of First Listed Plaintiff _____ (EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant _____ (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED. |
| (c) Attorney's (Firm Name, Address, and Telephone Number) See Attached | Attorneys (If Known) |

(d) Check County Where Action Arose:  ☒ MIAMI-DADE  ☐ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

09CV 20406 PCH/JJO

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):

a) Re-filed Case ☐ YES ☒ NO    b) Related Cases ☐ YES ☒ NO
JUDGE _____    DOCKET NUMBER _____

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD   s/ _____
DATE 2/17/09

FOR OFFICE USE ONLY
AMOUNT 350.00   RECEIPT # 725453   IFP _____

09-20406-CiV-HUCK/O'SULLIVAN Case 1:09-cv-20406-JJO Document 1 Entered on FLSD Docket 02/18/2009 Page 13 of 13

FILED by RB D.C.
ELECTRONIC
Feb. 18, 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**SERVICE LIST**
**LORNA ASH, Plaintiff v. SAMBODROMO, LLC, Defendant**
**CASE NO. _____**
**United States District Court, Southern District of Florida**

Lawrence J. McGuinness, Esq.
Florida Bar No. 814611
Lawrence J. McGuinness, P.A.
5805 Blue Lagoon Drive, Suite 145
Miami, FL 33126
Telephone: 305-264-5611
Facsimile: 305-264-5617
E-Mail: ljmpa@comcast.net
(Counsel for Plaintiff)


Joel B. Rothman, Esq.
Florida Bar No. 0098220
jrothman@seidenlaw.com
Misha J. Kerr, Esq.
Florida Bar No. 39652
mkerr@seidenlaw.com
SEIDEN, ALDER, MATTHEWMAN & BLOCH, P.A.
Attorneys for Defendant
2300 Glades Road, Suite 340 West
Boca Raton, FL 33431-8534
Telephone:    (561) 416-0170
Facsimile:    (561) 416-0171