UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-20406-CIV-HUCK/O'SULLIVAN

LORNA ASH,

    Plaintiff,

v.

SAMBODROMO, LLC.,

    Defendant.

_____/

## DEFENDANT SAMBODROMO'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Sambodromo, LLC., ("Defendant"), hereby answers, by corresponding paragraph numbers, Plaintiff's Complaint. For convenience, Defendant uses the same headings as used by Plaintiff in the Complaint.

1. Defendant admits that this purports to be an action for minimum wage violations and retaliation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et. Seq. (the "FLSA"). Defendant denies, however, that Plaintiff is entitled to any relief under the FLSA or any other statute, or any relief based on any cause of action, and denies that this lawsuit is appropriate, authorized, or has any merit whatsoever. Defendant further denies that there are any individuals similarly situated to the Plaintiff. Defendant denies the remaining allegations of Paragraph 1.

### A. INTRODUCTION TO "TIP CREDIT" VIOLATIONS

2. Defendant denies the allegations set forth in Paragraph 2 of the Complaint.

3.  Defendant denies the allegations set forth in Paragraph 3 of the Complaint, and further denies the allegations contained in sub-parts (a) – (d) of Paragraph 3.

## B. THE EMPLOYER

4.  The allegations set forth in Paragraph 4 of the Complaint are legal conclusions that do not call for a response, and accordingly, are denied.

5.  The allegations set forth in Paragraph 5 of the Complaint are legal conclusions that do not call for a response, and accordingly, are denied.

## D.[1] VENUE AND JURISDICTION

6.  Defendant admits that this purports to be an action for minimum wage violations under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et. seq. and specifically under the provisions of 29 U.SC. § 206, § 207, and § 216(b). Defendant denies, however, that Plaintiff is entitled to any relief under the FLSA or any other statute, or any relief based on any cause of action, and denies that this lawsuit is appropriate, authorized, or has any merit whatsoever. Defendant further denies that there are any individuals similarly situated to the Plaintiff. Defendant denies the remaining allegations of Paragraph 6.

7.  The allegations set forth in Paragraph 7 of the Complaint are legal conclusions that do not call for a response, and accordingly, are denied.

8.  The allegations set forth in Paragraph 8 of the Complaint are legal conclusions that do not call for a response, and accordingly, are denied.

9.  Defendant denies the allegations set forth in Paragraph 9 of the Complaint.

---

[1] For ease of reference, Defendant will follow the headings used by Plaintiff. According to the Complaint, there is no subsection C. To the extent any subsection exists or is implied, Defendant denies all allegations therein.

## COUNT I
## MINIMUM WAGE VIOLATIONS
## AGAINST THE EMPLOYER

10. In response to Paragraph 10 of the Complaint, Defendant repeats and incorporates by reference each of its responses to Paragraphs 1 to 9 of the Complaint with the same force and effect as though fully set forth herein.

11. Defendant denies the allegations set forth in Paragraph 11 of the Complaint. Defendant further denies that there are any individuals similarly situated to the Plaintiff.

12. Defendant denies the allegations set forth in Paragraph 12 of the Complaint. Defendant further denies that there are any individuals similarly situated to the Plaintiff.

13. The allegations set forth in Paragraph 13 of the Complaint are legal conclusions that do not call for a response, and accordingly, are denied.

14. Defendant denies the allegations set forth in Paragraph 14 of the Complaint. Defendant further denies that there are any individuals similarly situated to the Plaintiff.

15. Defendant denies the allegations set forth in Paragraph 15 of the Complaint. Defendant further denies that there are any individuals similarly situated to the Plaintiff.

16. Defendant denies that there are any individuals similarly situated to the Plaintiff. Defendant further denies that Plaintiff, or anyone else, has been damaged in any way or is entitled to any relief whatsoever from Defendants. Defendant denies the remaining allegations as set forth in Paragraph 16 of the Complaint.

COLE, SCOTT & KISSANE, P.A.
1645 PALM BEACH LAKES BOULEVARD - 2ND FLOOR - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

Defendant further denies that Plaintiff, or any allegedly similarly situated individuals, is entitled to any relief whatsoever, including that set forth in the "WHEREFORE" clause following Paragraph 16 of the Complaint.

## COUNT II
## VIOLATION OF 29 U.S.C. § 215(a)(3)
## AGAINST THE EMPLOYER

17.  In response to Paragraph 17 of the Complaint, Defendant repeats and incorporates by reference each of its responses to Paragraphs 1 to 9 of the Complaint with the same force and effect as though fully set forth herein.

18.  Defendant denies the allegations set forth in Paragraph 18 of the Complaint.

19.  Defendant denies the allegations set forth in Paragraph 19 of the Complaint.

20.  Defendant denies the allegations set forth in Paragraph 20 of the Complaint. Defendant further denies that Plaintiff is entitled to any relief whatsoever, including that set forth in the "WHEREFORE" clause following Paragraph 20 of the Complaint.

## JURY DEMAND

Defendant admits that Plaintiff demands a jury trial as to Count I and Count II of the Complaint.

## AFFIRMATIVE DEFENSES

1.  Plaintiff's claim, in whole or in part, fails to allege sufficient ultimate facts upon which relief can be granted, and therefore must be dismissed.

2.  Plaintiff's claims, and those of any similarly situated employees, if any, are barred, in whole or in part, by the applicable statute of limitations.

Case No. CASE NO. 09-20406-CIV-HUCK/O'SULLIVAN

3. If Plaintiff, and any similarly situated employees, if any, prove that Defendant acted in violation of the FLSA, either by action or omission, such action or omission was not willful or reckless, but rather was in good faith, and based on a reasonable belief that such action or omission was not in violation of the FLSA. Thus, a three year statute of limitations is not warranted.

4. If Plaintiff, and any similarly situated employees, if any, prove that Defendant acted in violation of the FLSA, either by action or omission, such action or omission was not willful or reckless, but rather was in good faith, and based on a reasonable belief that such action or omission was not in violation of the FLSA. Defendant accordingly requests this Court, in the exercise of its discretion, not to make an award of liquidated damages to Plaintiff should any omission have occurred.

5. If Plaintiff, and any similarly situated employees, if any, are able to show a violation of the FLSA, which is denied, Defendants are entitled to seek a set-off for paid but unearned wages.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will in turn, send a notice of electronic filing to Lawrence J. McGuinness, Esq., 5805 Blue Lagoon, Dr., Suite 145, Miami, Florida 33126, this 13th day of March, 2009.

COLE, SCOTT & KISSANE, P.A.
Attorneys for Defendant(s)
1645 Palm Beach Lakes Blvd., 2nd Floor
West Palm Beach, Florida 33401
E-Mail: postman@csklegal.com

Case No. CASE NO. 09-20406-CIV-HUCK/O'SULLIVAN

Telephone: (561) 383-9234
Facsimile: (561) 683-8977


By: s/Barry A. Postman
FBN: 991856
JANA M. LEICHTER
FBN: 803901

L:\1085-0057-00\P\ANSWER.DOC