UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  09-20406-CIV-HUCK/O'SULLIVAN
THIS IS A CONSENT CASE

LORNA ASH,

    Plaintiff,

v.

SAMBODROMO, LLC,

    Defendant.

_____/

## DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

COMES NOW Defendant, SAMBODROMO, LLC, by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 56(b) and United States District Court for the Southern District of Florida Local Rule 7.1(c), submits its Reply in Support of its Motion for Summary Judgment, and states as follows:

**A.    Plaintiff was paid applicable minimum wage for all training classes**

Plaintiff asserts that she was required to attend beverage and food classes and/or training for which she was not paid. However, the record reflects that Plaintiff was properly paid for training that she can in fact recall attending. Defendant's MSJ Exhibit 2 at ¶ 30; Exhibit 4 at ¶ 9; Exhibit 9; and Exhibit 10. Plaintiff is claiming that she was not paid for training classes she allegedly attended from March 2008 through January 2009. Plaintiff cannot specifically recall when in fact she attended said training classes. Defendant's MSJ Exhibit 2 at ¶ 62-64. Moreover, Plaintiff's payroll records reflect that she was paid for the hours she was clocked in and working. Defendant's MSJ Exhibits 9, 10. Pursuant to page eight (8) of Defendant's employee handbook, which Plaintiff received, Plaintiff is required to ensure that her time worked is accurately recorded by recording in the Defendant's system the time she began and ended her work.

CASE NO. 09-20406-CIV-HUCK/O'SULLIVAN

Attached hereto as composite **Exhibit "R-1."** Additionally, Plaintiff is responsible for checking her paycheck each week to ensure it accurately reflects hours worked and wages paid. *Id*. In contravention of the facts on record Plaintiff has made conclusory and unsupported allegations that she was not paid for training classes attended. Such generalized and unsupported allegations are not sufficient to raise a genuine issue of material fact. *See Juarez v. Ameritech Mobile Communications, Inc.*, 957 F.2d 317, 322 (7th Cir. 1992) (holding that in order to demonstrate a genuine issue of material fact in opposition to a motion for summary judgment, the nonmoving party must do more than raise a "metaphysical doubt" as to the material facts) *citing Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Therefore Defendant's Motion for Summary Judgment must be granted.

**B.     Sushi Chef's participation in the tipping pool is valid as a matter of law**

Plaintiff contends that tip pools are invalid if employees that are not customarily and regularly tipped participate in the pool. Opposition p. 8. In support of this position Plaintiff cited *Reich v. Chez Robert, Inc.*, 28 F.3d 401, 403 (3d Cir. 1994). However, nothing in this cited decision supports Plaintiff's contention. The court in *Reich* essentially addressed two issues, the first being the validity of a tip pool where the employer failed to inform the employees, which did not happen, and is not alleged by the Plaintiff, in this matter. *Id*. Secondly, the court addresses the lower court's decision to provide the defendants with a tip credit which the court had already determined they were statutorily barred from claiming. *Id*. at 403-04. Nowhere did the court hold that a tipping pool was invalid based upon the participation of employees that are not customarily but regularly tipped. Regardless of the Plaintiff's citation to inapplicable case law, and failure to cite any law in support of its position, as discussed in more detail below, and in Defendant's Motion for Summary Judgment at page 8-11, the sushi chefs are in fact

CASE NO. 09-20406-CIV-HUCK/O'SULLIVAN

customarily and regularly tipped employees.

In support of her position that sushi chefs cannot be considered tipped employees, Plaintiff cites *Kilgore v. Outback Steakhouse of Florida*, 160 F.3d 294 (6th Cir. 1998), stating that "the court found that hosts **were not** 'tipped employees….'" Opposition at p. 8 (emphasis added). However, again, this is blatantly an inaccurate representation of the court's holding, in that the court specifically held that "[p]laintiff's argument that hosts are not tipped employees **fails**…" *Kilgore*, 160 F.3d at 301 (emphasis added).[1] Plaintiff also states that "bartenders who do not interact with customers were not 'tipped employees' for the purposes of §203(m)." *Id*. citing *Louie v. McCormick & Schmick Restaurant*, 460 F. Supp.2d 1153, 1159 (C.D. Cal.2006). First and foremost, the *Louie* court was analyzing whether or not the mandatory tip-pooling arrangement was in violation of the California Labor Code § 351. *Louie*, 460 F.Supp.2d at 1156. Moreover, the court, in contradiction to what Plaintiff states, held that "restaurants may, in compliance with §351, require servers to share tips with non-managerial employees such as bartenders who **routinely contribute to the service of patrons, whether or not such employees provides [sic] any service, direct or indirect to a particular server's customers.**" *Id*. at 1164 (emphasis added). Thus, this case in fact supports Defendant's position, as the Sushi Chefs, who contribute to the service of the patrons, can appropriately be part of the tip pool. *See* Defendants MSJ Exhibit 5.

The only other case cited by Plaintiff, *Meyer v. Copper Cellar Corp.*, 192 F.3d 546 (6th Cir. 1999), is distinguishable from this matter. The *Meyers* court found that salad preparers were not tipped employees because they "abstained from direct intercourse with diners, worked entirely outside the view of restaurant patrons…." *Id*. at 550. However, in the instant matter, the

---

[1] Defendant additionally notes that the pin point citation provided by Plaintiff refers to the factual history of *Kilgore* Court's opinion.

CASE NO.  09-20406-CIV-HUCK/O'SULLIVAN

sushi chefs have contact with the guests and are in constant view of the patrons as the sushi bar is located in the center of the dining area. *See* Defendant's MSJ Exhibit 2 at ¶ 75; Exhibit 3 at ¶ 39-40; and Exhibit 6; s*ee also* Defendant's MSJ at p. 10.

Plaintiff's contention that there are issues of material fact in determining whether or not the sushi chefs validly participate in the tipping pool is patently incorrect. *See* Opposition at p. 9. First, Plaintiff asserts that the sushi chefs have limited customer interaction. However, as demonstrated above, the sushi chefs have interaction with the guests and are located in the center of the restaurant with a bar that patrons can sit at.  In fact, the law holds that a restaurant employee who merely has more than a de minimus interaction with customers is a tipped employee. *Kilgore*, 160 F.3d at 301. Secondly, Plaintiff contends that the sushi chefs only performed food preparation duties. However, here, unlike in *Meyers,* the sushi chefs are in front of the patrons, wherein they provide a "show" in exhibiting the skills needed to prepare their meals and thus routinely contributing to the services of the patrons. *Louie*, 460 F.Supp.2d at 1164; *Dole v. Cont'l Cuisine, Inc.*, 751 F.Supp. 799, 801-803 (E.D. Ark. 1990); see *also* Defendant's MSJ Exhibit 5.

Third, Plaintiff asserts that the sushi chefs do not receive tips directly from customers, that the sushi chefs have no tip jar for customers to leave tips and that there is no procedure for the sushi chefs to report their tips.  Plaintiff's assertion regarding a "tip jar" or procedure for reporting tips are irrelevant and have no bearing whatsoever on whether the sushi chefs' participation in the tip pool is valid. Notably, it is well established that a tip pool will not be invalidated simply because certain employees derive income from the tip pool without contributing to it, as is the case here. *Lentz v. Spanky's Restaurant II, Inc.*, 491 F.Supp.2d 663, 671 (N.D. Tx. 2007); *Dole*, 761 F.Supp at 801-03. Fourth, Plaintiff claims that the sushi chefs

CASE NO. 09-20406-CIV-HUCK/O'SULLIVAN

"did not receive more than $30 in tips directly from customers." Again, as stated above, it is patently irrelevant whether the sushi chefs receive tips directly from customers. There is no requirement that an employee participating in the tipping pool receive tips directly from a customer.[2] *Id.*; *see also* 29 C.F.R. § 531.54.

Lastly, Plaintiff contends that the sushi chefs do not take orders from customers nor do they deliver food to the customers. Such assertion cannot create an issue of material fact to defeat summary judgment as service employees are entitled to share in a tipping pool arrangement, even where certain employees were not the ones to wait on the tipping patron. *Louie,* 460 F.Supp.2d. at 1160-63; *Dole*, 751 F.Supp. at 801-803.

Based upon the foregoing, there is no issue of material fact as to whether the sushi chefs are eligible to participate in the tipping pool. Plaintiff has not provided any factual or legal support for its positions asserted in opposition. Accordingly, Defendant's tipping pool is valid as a matter of law and Defendant's Motion for Summary Judgment must be granted.

C.     **Defendant's deduction for credit card processing fee is valid**

Plaintiff has consented that as a matter of law an employer may subtract a sum from an employee's credit card charged gratuities, which reasonably compensates the employer for outlays sustained in clearing that tip. *Meyers*, 192 F.3d at 553; *See also* Defendant's MSJ at p. 11-13. Plaintiff alleges, however, that Defendant is directly refunded the credit card charge and therefore the deduction is invalid. Opposition at p. 9-10; Opposition Exhibit B. This assertion that Defendant receives a refund is based upon the sworn statement of Dean Mitchell, who was also a server with Defendant, and who has no personal knowledge whatsoever as to Defendant's

---

[2] Defendant also notes that Plaintiff must do more than make unsupported factual assertions to make a sufficient showing that there is a genuine issue of material fact in dispute. Fed. R. Civ. P. 56(c).

CASE NO. 09-20406-CIV-HUCK/O'SULLIVAN

arrangement with the credit card companies as to the charges imposed on Defendant.[3] In this statement, Dean Mitchell asserts that Ron Garcia, Defendant's General Manager, admitted that Defendant was directly refunded credit card charges. There is no other evidence or support for this allegation offered by Plaintiff. And, this "allegation" made by Mr. Mitchell, clearly an interested party, is in direct contradiction to Mr. Garcia's sworn testimony in this case where he stated that he was unaware that a 3% tip deduction was even taken from the servers. Defendant's MSJ Exhibit 4 at ¶ 40-41.[4]

An affidavit, declaration or other statement filed in opposition to a properly supported motion for summary judgment "'must set forth specific facts showing that there is a genuine issue for trial.'" *Mircrosoft Corporation v. CMOS Tech., Inc.*, 872 F.Supp. 1329, 1334 (D. N.J. 1994), *quoting* Fed.R.Civ.P. 56(e). As such the affidavit must: (1) show affirmatively that the affiant is competent to testify to matters stated therein; (2) the information so stated is based on personal knowledge; and (3) establish facts that would be admissible at trial. *Id*.; *see also Hlinka v. Bethlehem Steel Corp.*, 863 F.2d 279, 282 (3d Cir. 1988). Stated otherwise, the affidavit offered in opposition to a motion for summary judgment must establish a proper evidentiary foundation for the facts stated therein. *Microsoft*, 872 F.Supp. at 1334 *citing Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 471 (3d Cir. 1989). "Moreover, when, without satisfactory explanation, a nonmovant's affidavit contradicts earlier deposition testimony, the district court may disregard the affidavit in determining whether a genuine issue of material fact exists." *Id*. *citing Hackman v. Valley Fair*, 932 F.2d 239, 241 (3d Cir. 1991)(internal quotations removed).

---

3 Of note, Mr. Mitchell is a Plaintiff in a separate cause of action asserting identical claims against Defendant in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Case Number 08-73009-CA-22.

4 In fact, Mr. Garcia stated in his deposition that he could not opine as the corporate representative for Defendant on this issue because he did not have knowledge regarding this issue, and advised Plaintiff that someone from Defendant's corporate office would need to speak to this issue. Defendant's MSJ Exhibit 4 at ¶ 40-41. Despite Defendant's agreement to allow Plaintiff to take a second corporate representative deposition on this issue, Plaintiff failed to do so.

CASE NO. 09-20406-CIV-HUCK/O'SULLIVAN

Furthermore, "in order to demonstrate a genuine issue of material fact in opposition to a motion for summary judgment, the nonmoving party **must do more than raise "metaphysical doubt"** as to the material facts." *Juarez*, 957 F.2d at 322. Likewise, mere conclusory assertions, unsupported by specific facts made in affidavits opposing a motion for summary judgment are insufficient to defeat a properly supported motion for summary judgment. *Lacy v. Berge*, 921 F.Supp. 600, 607 (E.D. Wis. 1996).

In this matter, Dean Mitchell's unsupported sworn statement contains nothing but hearsay, and is not based on his own personal knowledge relating to the credit card deductions. As stated above, in Mr. Garcia's previous sworn deposition testimony he states that he clearly lacks any knowledge regarding tip deductions, let alone reimbursements for said deductions. Mr. Mitchell might as well assert in his sworn statement that the sky is green; however, that does not in fact make his assertion true. Mr. Mitchell's conclusory, unsupported and contradicted statement regarding refunds of credit card charges fails to establish the existence of a genuine issue of material fact. As Ms. Patricia Gonzales, Defendant's corporate representative on this issue, and the person who does have personal knowledge as to these facts, previously stated in her affidavit in support of Defendant's Motion for Summary Judgment, (Defendant's MSJ Exhibit 7) Defendant is charged in aggregate two-point three percent (2.3%) by the credit card companies and does not receive a refund of said charges. As such Defendant's Motion for summary judgment must be granted.

**D.     The evidence on record establishes that Plaintiff was not terminated in retaliation**

Plaintiff unsuccessfully attempts to raise an issue of material fact in support of her position that she was retaliated against in her termination by asserting that the legitimate ground upon which Defendant contends she was terminated was merely pretext. Opposition at p. 11.

CASE NO. 09-20406-CIV-HUCK/O'SULLIVAN

Plaintiff asserts that the situation concerning her abandonment of her section that ultimately lead to her termination occurred two weeks prior to her termination. *Id*. However, in fact, Plaintiff was provided a written warning regarding this situation on December 27, 2008, exactly one week prior to her termination on January 3, 2009. See written warning attached hereto as **Exhibit "R-2."** Because Plaintiff continued to push her disagreement with this warning with Mr. Garcia, she was ultimately, and legitimately, terminated. Defendant's MSJ Exhibit 4 at ¶ 36-37.

Approximately one month prior to the above warning, Plaintiff had received a final warning due to her extremely poor shopper's report score. See written warning attached hereto as **Exhibit "R-3."** Plaintiff erroneously contends that the shopper's report occurred prior to her last complaint regarding tip deductions. Opposition Exhibit A at ¶ 26. However, Plaintiff's sworn statement directly contradicts her previous deposition testimony, wherein she stated that she last complained to Jeremy Emerson sometime between June 2008 and November 2008. Defendant's MSJ Exhibit "2" at p. 68. And, the shopper's report is dated November 26, 2008.[5] Such contradiction cannot raise issues of material facts. *See Microsoft*, 872 F.Supp. at 1334 (discussed in more detail supra). And, frankly, such contradictions are irrelevant. Plaintiff's disagreement with why she was terminated is not enough to establish that her termination pretextual, and is equally insufficient to establish genuine issues of material fact. *See E.E.O.C. v. Total System Services, Inc.*, 221 F.3d 1171, 1176-77 (11th Cir. 2000)(holding that in reviewing the defendant's "good faith basis" in discharging the plaintiff, the inquiry is not whether the "employee was guilty of misconduct but whether [the] employer in good faith believed [the] employee has done wrong and whether this belief was the reason for the termination")(citing in

---

5 Of note, to the extent Plaintiff contends the shopper's report warning is pretextual is patently absurd. The shopper's report is conducted by an outside third party company that sends a patron to the restaurant, who would have no idea of any alleged complaints made by the Plaintiff regarding the FLSA. Her failure to score well on this report is directly related to her poor performance, and nothing else.

CASE NO. 09-20406-CIV-HUCK/O'SULLIVAN

part *Elrod v. Sears, Roebuck & Co.*, 939 F.2d 1466, 1470 (11th Cir. 1991).

Plaintiff has not asserted any fact or legal ground to establish that she was engaged in a protected activity. Moreover, Plaintiff has not provided any factual or legal precedent to establish a causal connection between her alleged complaint and her termination. Instead, Plaintiff, as discussed above, merely attempts to state that she disagrees with the facts surrounding her termination, which is not enough. Therefore, Defendant's Motion for Summary Judgment must be granted.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will in turn, send a notice of electronic filing to Lawrence J. McGuinness, Esq., 5805 Blue Lagoon, Dr., Suite 145, Miami, Florida 33126, this 30th day of October, 2009.

> COLE, SCOTT & KISSANE, P.A.
> Attorneys for Defendant(s)
> 1645 Palm Beach Lakes Blvd., 2nd Floor
> West Palm Beach, Florida 33401
> E-Mail: postman@csklegal.com
> Telephone: (561) 383-9234
> Facsimile: (561) 683-8977
>
> By: s/Barry A. Postman
> FBN: 991856
> JANA M. LEICHTER
> FBN: 803901

L:\1085-0057-00\P\MSJ\Reply in Support.DOC