UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  09-20406-CIV-HUCK/O'SULLIVAN
THIS IS A CONSENT CASE

LORNA ASH,

      Plaintiff,

v.

SAMBODROMO, LLC.,

      Defendant.

_____/

### JOINT NOTICE OF FILING PROPOSED JURY INSTRUCTIONS

Pursuant to this Court's Order of November 18, 2009, the parties by and through their undersigned counsel, hereby give notice of filing their proposed jury instructions. Also pursuant to the Court's instructions, where the parties could not agree, the Plaintiff's proposed language is in *italics*, and the Defendant's proposed language is in **bold.**

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will in turn, send a notice of electronic filing to Lawrence J. McGuinness, Esq., 5805 Blue Lagoon, Dr., Suite 145, Miami, Florida 33126, this 30th day of November, 2009.

COLE, SCOTT & KISSANE, P.A.
Attorneys for Defendant(s)
1645 Palm Beach Lakes Blvd., 2nd Floor
West Palm Beach, Florida 33401
E-Mail: postman@csklegal.com
Telephone: (561) 383-9234
Facsimile: (561) 683-8977


By: s/Barry A. Postman
    FBN: 991856
    JANA M. LEICHTER
    FBN: 803901

INSTRUCTION NO. 1

**PRELIMINARY INSTRUCTIONS BEFORE TRIAL**

Ladies and Gentlemen:

You have now been sworn as the Jury to try this case. By your verdict you will decide the disputed issues of fact.

I will decide all questions of law and procedure that arise during the trial; and, before you retire to the jury room at the end of the trial to deliberate upon your verdict and decide the case, I will instruct you on -- that is, I will explain to you -- the rules of law that you must follow and apply in making your decision.

The evidence presented to you during the trial will primarily consist of the testimony of the witnesses, and tangible items including papers or documents called "exhibits."

Transcripts Not Available. You should pay close attention to the testimony because it will be necessary for you to rely upon your memories concerning what the testimony was. Although, as you can see, the Court Reporter is making stenographic notes recording everything that is said, typewritten transcripts will not be prepared in time for your use during your deliberations and you should not expect to receive them.

Exhibits Will Be Available. On the other hand, any exhibits admitted in evidence during the trial will be available to you for detailed study, if you wish, during your deliberations. So, if an exhibit is received in evidence but is not fully read or shown to you at the time, don't be concerned because you will get to see and study it later during your deliberations.

Notetaking -- Permitted. If you would like to take notes during the trial you may do so. On the other hand, of course, you are not required to take notes if you do not want to. That will be left up to you, individually.

If you decide to take notes, be careful not to get so involved in notetaking that you become distracted from the ongoing proceedings. Also, your notes should be used only as aids to your memory; and if your memory should later differ from your notes, you should rely upon your memory and not your notes.

If you do not take notes, you should rely upon your own independent recollection or memory of what the testimony was, and you should not be unduly influenced by the notes of other Jurors. Notes are not entitled to any greater weight than the recollection or impression of each Juror concerning what the testimony was.

Notetaking - Not Permitted. A question sometimes arises as to whether individual members of the Jury will be permitted to take notes during the trial.

The desire to take notes is perfectly natural especially for those of you who are accustomed to making notes because of your schooling or the nature of your work or the like. It is requested, however, that Jurors not take notes during the trial. One of the reasons for having a number of persons on the Jury is to gain the advantage of your several, individual memories concerning the testimony presented before you; and, while some of you might feel comfortable taking notes, other members of the Jury may not have skill or experience in note taking and may not wish to do so.

* * *

During the trial you should keep an open mind and you should avoid reaching any hasty impressions or conclusions. Reserve your judgment until you have heard all of the testimony and evidence, the closing arguments or summations of the lawyers, and my instructions or explanations to you concerning the applicable law.

Because of your obligation to keep an open mind during the trial, coupled with your obligation to then decide the case only on the basis of the testimony and evidence presented, you must not discuss the case during the trial in any manner among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence; and you should avoid reading any newspaper articles that might be published about the case. You should also avoid seeing or hearing any television or radio comments about the trial.

From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the lawyers. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. And if I should sustain an objection to a question that goes unanswered by a witness, you should not guess or speculate what the answer might have been or should you draw any inferences or conclusions from the question itself.

During the trial it may be necessary for me to confer with the lawyers from time to time out of your hearing with regard to questions of the law or procedure that require consideration by the court or judge alone. On some occasions you may be excused from the courtroom for the same reason. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

The order of the trial's proceedings will be as follows: In just a moment the lawyers for each of the parties will be permitted to address you in turn and make what we call their "opening statements." The Plaintiff will then go forward with the calling of witnesses and presentation of evidence during what we call the Plaintiff's "case in chief." When the Plaintiff finishes (by announcing "rest"), the Defendants will proceed with witnesses and evidence, after which, within certain limitations, the Plaintiff may be permitted to again call witnesses or present evidence, during what we call the "rebuttal" phase of the trial. The Plaintiff proceeds first, and may rebut at the end, because the law places the burden of proof of burden of persuasion upon the Plaintiff (as I will further explain to you as a part of my final instructions).

When the evidence portion of the trial is completed, the lawyers will then be given another opportunity to address you and make their summations or final arguments in the case, after which I will instruct you on the applicable law and you will the retire to deliberate upon your verdict.

Now, we will begin by affording the lawyers for each side an opportunity to make their opening statements in which they may explain the issues in the case and summarize the facts they expect the evidence will show. The statements that the lawyers make now (as well as the arguments they present at the end of the trial) are not to be considered by you either as evidence in the case or as your instruction on the law. Nevertheless, these statements and arguments are intended to help you understand the issues and the evidence as it comes in, as well as the positions taken by both sides. So I ask you that you now give the lawyers your close attention as I recognize them for purposes of opening statements.

Source: 11th circuit Pattern Jury Instructions, Preliminary Instructions Before Trial.

APPROVED: _____

DENIED: _____

GIVEN AS MODIFIED _____

COLE, SCOTT & KISSANE, P.A.
1645 PALM BEACH LAKES BOULEVARD - 2ND FLOOR - WEST PALM BEACH, FLORIDA - (561) 383-9200 - (561) 683-8977 FAX

INSTRUCTION NO. 2

## COURT'S INSTRUCTION TO THE JURY

Members of the Jury:

Now that you have heard all the evidence and the argument of counsel, it becomes my duty to give you the instructions of the Court concerning the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in this case.

You are not to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in the instructions of the Court just as it would be a violation of your sworn duty, as judges of facts, to base a verdict upon anything other than the evidence in the case.

Justice through trial by jury must always depend upon the willingness of each individual juror to seek the truth as to the facts from the same evidence presented to all jurors, and to arrive at a verdict by applying the same rules of law as given in the instructions.

You must perform your duty as jurors without bias or prejudice as to any party. Our system of law does not permit jurors to be governed by sympathy, prejudice, or public opinion. Both parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict, regardless of the consequences.

When I have finished you will go to the jury room and begin your discussion - what we call your deliberations.

Source: 11th circuit Pattern Jury Instructions, Court's Instructions to the Jury

APPROVED: _____

DENIED: _____

GIVEN AS MODIFIED _____

COLE, SCOTT & KISSANE, P.A.
1645 PALM BEACH LAKES BOULEVARD - 2ND FLOOR  - WEST PALM BEACH, FLORIDA  - (561) 383-9200 - (561) 683-8977 FAX

INSTRUCTION NO. 3

**CONSIDERATION OF THE EVIDENCE DUTY TO FOLLOW INSTRUCTIONS
CORPORATE PARTY INVOLVED**

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice.

In your deliberations you should consider only the evidence - -that is, the testimony of the witnesses and the exhibits I have admitted in the record - - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

Source: 11th circuit Pattern Jury Instructions

APPROVED:                    _____

DENIED:                      _____

GIVEN AS MODIFIED            _____

COLE, SCOTT & KISSANE, P.A.
1645 PALM BEACH LAKES BOULEVARD - 2ND FLOOR - WEST PALM BEACH, FLORIDA - (561) 383-9200 - (561) 683-8977 FAX

INSTRUCTION NO. 4

## CREDIBILITY OF WITNESSES

Now, in saying that you must consider all the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony is. In making that decision you may believe or disbelieve any witness, in whole or in part. Also the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have any personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

Source: 11th circuit Pattern Jury Instructions, 3.

APPROVED:               _____

DENIED:                 _____

GIVEN AS MODIFIED       _____

**COLE, SCOTT & KISSANE, P.A.**
1645 PALM BEACH LAKES BOULEVARD - 2ND FLOOR - WEST PALM BEACH, FLORIDA - (561) 383-9200 - (561) 683-8977 FAX

INSTRUCTION NO. 5

**IMPEACHMENT OF WITNESSES**

(Inconsistent Statement)

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Source: 11th circuit Pattern Jury Instructions, 4.1.

APPROVED:               _____

DENIED:                    _____

GIVEN AS MODIFIED    _____

**COLE, SCOTT & KISSANE, P.A.**
1645 PALM BEACH LAKES BOULEVARD - 2ND FLOOR - WEST PALM BEACH, FLORIDA - (561) 383-9200 - (561) 683-8977 FAX

INSTRUCTION NO. 6

**WHEN THERE ARE MULTIPLE CLAIMS OR
WHEN BOTH PLAINTIFF AND DEFENDANT OR
THIRD PARTIES HAVE BURDEN OF PROOF**

In this case each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence you should find against the party making that claim or contention.

Source: 11th circuit Pattern Jury Instructions, 6.2.

APPROVED: _____

DENIED: _____

GIVEN AS MODIFIED _____

COLE, SCOTT & KISSANE, P.A.
1645 PALM BEACH LAKES BOULEVARD - 2ND FLOOR - WEST PALM BEACH, FLORIDA - (561) 383-9200 - (561) 683-8977 FAX

INSTRUCTION NO. 7

**CLAIMS FOR CONSIDERATION**

(Non-Standard)

The issues for your determination on the claim of LORNA ASH, against SAMBODROMO, LLC are:

1. Whether the tip pool established is appropriate under the Fair Labor Standards Act;

2. Whether the credit card deductions used to covert charged tips to cash were appropriate under the Fair Labor Standards Act;

3. Whether LORNA ASH is entitled to lost compensation under the Fair Labor Standards Act;

Although these claims have been tried together, each is separate from the others, and each party is entitled to have you separately consider each claim as it affects that party. Therefore, in your deliberations you should consider the evidence as it relates to each claim separately, as you would had each claim been tried before you separately.

Source: 11th circuit Pattern Jury Instructions (Modified)

APPROVED: _____

DENIED: _____

GIVEN AS MODIFIED _____

INSTRUCTION NO. 8

**FAIR LABOR STANDARDS ACT – Overview of the Issues**

This is a civil action brought by the Plaintiffs against Sambodromo, LLC under the Fair Labor Standards Act ("the FLSA"), the federal law that governs payment of the minimum wage.

Plaintiff is a former server for Sambodromo. Plaintiff claims that Sambodromo failed to pay her the applicable minimum wage for time she was required to attend training, side work and because she was required to contribute a portion of her tips to a tip pool that she alleges was in violation of the FLSA. Plaintiff claims that the tip pool is illegal because it included sushi chefs who, the Plaintiff alleges, should not share in the tip pool.

Defendant Sambodromo maintains that pursuant to the FLSA, mandatory tip pooling is a permissible form of tip sharing. In order to participate in a tipping pool, an employee must customarily and regularly receive more than $30 per month in tips, however, those tips do not have to be received directly from a customer and may be obtained directly from the tipping pool. Defendant also maintains that Plaintiff was paid in accordance with the applicable law that permits employers to pay tipped employees, like servers, a direct hourly wage that is less than the regular minimum wage by using the "tip credit" of as much as $3.02 per hour.  Sambodromo asserts that its tip pool is valid because the Sushi Chefs who participate in the tip pool perform important customer service functions, have customer interaction, and are an employee whom a customer would normally anticipate sharing in the tips.

Source: DOL Field Operations Handbook 30d04; 29 C.F.R. §§ 531.54, 531.56; 29 U.S.C 203, (m), (t); *Kilgore v. Outback Steakhouse of Fla., Inc.*, 160 F.3d 294 (6th Cir. 1998); *Lentz v. Spanky's Restaurant II, Inc.*, 491 F.Supp.2d 663 (N.D.Tx. 2007); *Wajcman v. Investment Corp. of Palm Beach*, 2009 WL 46507 (S.D. Fla. February 23, 2009).

APPROVED:            _____

DENIED:              _____

GIVEN AS MODIFIED    _____

COLE, SCOTT & KISSANE, P.A.
1645 PALM BEACH LAKES BOULEVARD - 2ND FLOOR - WEST PALM BEACH, FLORIDA - (561) 383-9200 - (561) 683-8977 FAX

INTRUCTION NO. 9

**Fair Labor Standards Act – General**

In order to prevail on this claim under the Fair Labor Standards Act (the "FLSA"), LORNA ASH must prove each of the following facts by a preponderance of the evidence:

First:     That she was employed by SAMBODROMO, LLC during the time period involved;

Second:   That she was employed by an enterprise engaged in commerce or in the production of goods for commerce; and

Third:    That SAMBODROMO, LLC failed to pay her the proper minimum wage as required by law.

The parties have agreed to the relevant dates the Plaintiff was employed and those dates will be provided to you. The parties have also agreed that the Plaintiff was engaged in commerce or in the production of goods for commerce, or that Plaintiff was employed by an enterprise engaged in commerce. Therefore, the only element for your consideration is the third element of whether the Defendant, Sambodromo failed to pay the Plaintiff the minimum wage as required by law.

Source: 11th circuit Pattern Jury Instructions 1.7.1 (modified).

APPROVED:            _____

DENIED:              _____

GIVEN AS MODIFIED    _____

INSTRUCTION NO. 10

**Fair Labor Standards Act – Applicable Minimum Wage**

In order to prevail, the Plaintiff must prove by a preponderance of the evidence that the Defendant failed to pay her a minimum wage under the applicable law.

The Fair Labor Standards Act, permits employers to pay a lower direct hourly wage to a tipped employee by using a "tip credit." Pursuant to the FLSA, a "tipped employee" is any employee engaged in an occupation in which he or she customarily and regularly receive tip income of more than $30 per month.

During the relevant time period, employers of tipped employees were required to pay a cash wage of at least $2.13 per hour from October 2004 to April 2005; $3.13 per hour from May 2005 to December 2005; $3.38 per hour from January 2006 to December 2006; $3.65 per hour from January 2007 to April 2008; $3.77 per hour from March 2008 to December 2008; and $4.19 per hour for January 2009, if they claimed a tip credit. The tip credit is applicable where the "tipped employee" receives enough money in tips, that when added to the employee's direct hourly wage, it meets the applicable minimum wage. Plaintiff and Defendant agree that at all relevant times Sambodromo has paid Plaintiff a direct hourly wage that, when added to the $3.02 tip credit, met the applicable minimum wage requirement.

Source: 29 U.S.C. §203(m); 29 U.S.C. §203(t). 29 C.F.R. § 531.54.

APPROVED: _____

DENIED: _____

GIVEN AS MODIFIED _____

INSTRUCTION NO. 11

**Fair Labor Standards Act – Minimum Wage During Non-Tipped Work**

In this case, the Plaintiff alleges that as part of her employment with Defendant she was required to do side work which would generally occur during opening or closing of the restaurant. Plaintiff alleges that she was improperly paid the reduced "tip credit" wage as opposed to the minimum wage in performing her side work.

The Fair Labor Standards Act provides that the tip credit can be applied to time spent on duties related to and/or incidental to the tipped occupation, "even though such duties are not by themselves directed toward producing tips."

For example: a waiter/waitress, who spends some time cleaning or setting tables, making coffee, and occasionally washing dishes or glasses may continue to be engaged in a tipped occupation even though these duties are not tip producing.

In order to prevail on this claim, the Plaintiff must prove by a preponderance of the evidence that the side work she was required to perform was more than incidental to her tipped occupation. Stated differently Plaintiff must prove by a preponderance of the evidence that in performing her required side work she spent a substantial amount of time, in excess of 20%, performing these general preparation or maintenance tasks.

If you find that the Plaintiff's have proved the claim, then you must turn to the question of damages which the Plaintiff is entitled to recover.

The measure of damages is the applicable "tip credit" taken by the Defendant for the time Plaintiff spent on the required side work which was $3.02 for the total amount of time Plaintiff spent on the side work.

Source: 29 C.F.R. § 531.56(e); DOL Field Operations Handbook 30d00e; *Pellon v. Business Representation International, Inc.*, 528 F.Supp.2d 1306 (S.D.Fla. 2007); Plaintiff's Complaint (D.E. 1).

APPROVED:          _____

DENIED:            _____

GIVEN AS MODIFIED  _____

INSTRUCTION NO. 12

**Fair Labor Standards Act/Unpaid Wages**

In this case, the Plaintiff alleges that as part of her employment with Defendant, she was required to attend meetings during non-working hours for food and beverage training. Plaintiff alleges that she was not paid at all for her attendance at those training classes.

Defendant contends that the Plaintiff was properly compensated for all hours that Plaintiff worked or attended training for which she clocked in and properly reported her time.

**In order to prevail on this claim, the Plaintiff must prove by a preponderance of the evidence that she attended the mandatory training classes, when the classes were held, the number of classes she attended, the length of each training class, whether or not she clocked in for her attendance at this class and that she was not paid for her attendance.**

*In order to prevail on this claim, the Plaintiff must prove by a preponderance of the evidence that she worked hours for Defendant and that Defendant did not pay her for such hours.*

If the proof fails to establish any essential part of the claim or the defense by a preponderance of the evidence, you should find against the party making that claim or defense.

If you find that the Plaintiff has proved the claim, then you must turn to the question of damages which the Plaintiff is entitled to recover.

The measure of damages is the total number of hours the Plaintiff worked by attending the training classes for which she was not paid, times the amount of compensation that the Defendant was legally obligated to pay, which was the applicable minimum wage at the time. The minimum wage was $6.40 per hour from January 2006 to December 2006; $6.67 per hour from January 2007 to April 2008; $6.79 per hour from March 2008 to December 2008; and $7.21 per hour for January 2009.

Source: Defendant's Motion for Summary Judgment (D.E. 53); Plaintiff's Opposition to Defendant's Motion for Summary Judgment (D.E. 57); Defendant's Reply in Support of its Motion for Summary Judgment (D.E. 58)

APPROVED: _____

DENIED: _____

GIVEN AS MODIFIED         _____

**COLE, SCOTT & KISSANE, P.A.**
1645 PALM BEACH LAKES BOULEVARD - 2ND FLOOR - WEST PALM BEACH, FLORIDA - (561) 383-9200 - (561) 683-8977 FAX

*PLAINTIFF'S PROPOSED INSTRUCTION NO. 12a*

**(Defendant's position is that this jury instruction is not necessary and should be eliminated.)**

*FAIR LABOR STANDARDS ACT-Work Hours*

*The Fair Labor Standards Act requires employers to keep records of the number of hours worked by its employees, like Plaintiff. It is the employer, not the employee, that has the duty under the Fair Labor Standards Act to maintain proper and accurate records of hours worked.*

*If you find that Defendant has kept inaccurate or inadequate records of Plaintiff's hours of work and because of such inaccurate or inadequate records Plaintiff cannot offer convincing substitutes for the inaccurate or inadequate records, the burden of proof on Plaintiff only requires that she has, in fact, performed work for which she was improperly compensated.*

*If Plaintiff shows the amount and extent of that work as a matter of just and reasonable inference, Plaintiff has satisfied her burden of proof since the Fair Labor Standards Act does not require that she prove her damages with exactness or precision. In this event, the burden of proof shifts to Defendant to come forward with evidence of the precise amount of work performed by Plaintiff.*

*Source: 29 C.F.R. §516 et seq., §516.6(a)(1); Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946) (shifting burden where employer keeps inadequate records); Donovan v. The New Floridian Hotel, 676 F.2d 468, 471 (11th Cir. 1982) (employee should not be penalized because employer fails to maintain accurate time records); Goldberg v. Cockrell, 303 F.2d 811, 812 (5th Cir. 1962) (employer required to keep accurate records not employee); Mitchell v. Riley, 296 F.2d 614, 616 (5th Cir. 1961) (employee not required to prove damages with precision).*

*APPROVED:*  _____

*DENIED:*  _____

*GIVEN AS MODIFIED:*  _____

*REFUSED:*  _____

*WITHDRAWN:*  _____

### DEFENDANT'S PROPOSED INSTRUCTION NO. 13

#### Fair Labor Standards Act – Tip Pooling

The Fail Labor Standards Act (the "FLSA") specifically authorizes mandatory tip-sharing arrangements. Theses tip-sharing arrangements are commonly referred to as tip pools, and the law allows employers to require a contribution of an employee's tips to a valid tip pool. Plaintiff agrees that she was required to contribute 5% of her tips to the tip pool which was allocated to the sushi chefs.

Plaintiff asserts that the tip pool at Sambodromo is not valid under the FLSA and that Sambodromo was therefore not allowed to apply a tip credit, because the sushi chefs should not have been included in the tip pool. In order to prove her claim that the tip pool is invalid, Plaintiff must prove by a preponderance of the evidence that the sushi chefs were not engaged in an occupation in which they customarily and regularly receive tips.

For an employee to be considered as an individual who customarily and regularly receives tips, the employee does not have to receive tips directly from customers. It is sufficient if a sushi chef receives tips from the tip pool.

In determining whether the sushi chefs are engaged in an occupation in which they customarily and regularly receive tips, it is necessary to examine the sushi chefs' overall duties, as well as the extent of their customer interaction. If sushi chefs have more than minimal customer interaction and perform important customer service functions, they may participate in a mandatory tip pool.

Even if employees such as sushi chefs have only minimal customer interaction, they may still participate in a mandatory tip pool if their primary duties include important customer service functions.

In order to prevail on this claim, the Plaintiff must prove by a preponderance of the evidence that the sushi chefs are not an employee who customarily and regularly receives tip income of more than $30 per month. To do this, Plaintiff must prove by preponderance of the evidence that a sushi chef is not an employee whom a customer would normally anticipate sharing in tips.

If you find that Plaintiff has proven this claim by a preponderance of the evidence, then you must turn to the question of damages that Plaintiff is entitled to recover. If you find the tip pool to be invalid due to the participation of the sushi chefs, the measure of Plaintiff's damages is the Plaintiff's non-overtime hours worked times $3.02.

Source: DOL Field Operations Handbook 30d04; 29 C.F.R. §§ 531.54, 531.56; 29 U.S.C 203, (m), (t); *Kilgore v. Outback Steakhouse of Fla., Inc.*, 160 F.3d 294 (6th Cir. 1998); *Lentz v. Spanky's Restaurant II, Inc.*, 491 F.Supp.2d 663 (N.D.Tx. 2007);

*Wajcman v. Investment Corp. of Palm Beach*, 2009 WL 46507 (S.D. Fla. February 23, 2009).

**APPROVED:**          _____

**DENIED:**          _____

**GIVEN AS MODIFIED**          _____

*PLAINTIFF'S PROPOSED INSTRUCTION NO. 13*

*FAIR LABOR STANDARDS ACT-Tip Pooling*

*Section 3(m) of the Fair Labor Standards Act make clear that the intent of Congress was to place on employers, like Defendant, the burden of proving the amount of tips received by "tipped employees" and the amount of tip credit which the employer may claim. As such, employers, like Defendant, are responsible for ascertaining that the minimum wage provisions as they relate to tipped employees are complied with in compensating tipped employees.*

*The requirement under the Fair Labor Standards Act that a tipped employee must retain all of their tips does not preclude tip-splitting or pooling arrangements among employees who customarily and regularly receive tips. The following occupations have been recognized as falling within the eligible category:*

1. *Server*
2. *Bellhops*
3. *Counter personnel who serve customers*
4. *Buspersons*
5. *Service bartenders*

*Tipped employees may not be required to share their tips with employees who have not customarily and regularly participated in tip pooling arrangements. The following employee occupations would therefore not be eligible to participate:*

1. *Janitors*
2. *Dishwashers*
3. *Chefs or Cooks*
4. *Laundry Room Attendants*

*In this case, Plaintiff alleges that Defendant violated the tip pool provisions of the Fair Labor Standards Act by requiring her to pay Defendant's Sushi Chefs 5% of her tips.*

*In determining whether Defendant's Sushi Chefs fall within an eligible category to receive tips under the tip pool, it is necessary to examine the Sushi Chef's overall duties, customer interaction and service functions.*

*If upon consideration of all the evidence you find that Plaintiff has failed to prove this claim, your verdict should be for Defendant.*

*If, however, you find that Plaintiff has proven her claim that Defendant violated the tip pooling provisions of the Fair Labor Standards Act, then you must turn to the question of damages which Plaintiff is entitled to recover.*

*If you find that Plaintiff has proven this claim, then you must turn to the question of Damages which Plaintiff is entitled to recover.  If Defendant has violated the Fair Labor Standards Act by violating the tip pooling provisions of the Fair Labor Standards Act, the measure of Plaintiff's damages are equal to Plaintiff's total work hours times $3.02 plus the amount of tips that Plaintiff should have received.*

*Source: DOL Filed Operations Handbook 30d04; 29 C.F.R. §§531.54, 531.56; 29 U.S.C. 203, (m), (t); Kilgore v. Outback Steakhouse of Fla., Inc., 160 F.3d 294 (6th Cir. 1998); Lentz v. Spanky's Restaurant II, Inc., 491 F.Supp.2d 663 (N.D. Tx. 2007); Wajcman v. Invested Corp. of Palm Beach, 2009 WL 46507 (S.D. Fla. February 23, 2009).*

*APPROVED:* _____

*DENIED:* _____

*GIVEN AS MODIFIED:* _____

**COLE, SCOTT & KISSANE, P.A.**
1645 PALM BEACH LAKES BOULEVARD - 2ND FLOOR - WEST PALM BEACH, FLORIDA - (561) 383-9200 - (561) 683-8977 FAX

## DEFENDANT'S PROPOSED INSTRUCTION NO. 14

### Fair Labor Standards Act – Credit Card Deduction

The Plaintiff has also asserted a claim in this case under the Fair Labor Standards Act (the "FLSA"), that Defendant's 3% deduction for tips paid by credit card is inappropriate.

Tips are by law the property of the employees to whom they are gratuitously given by the restaurant's customers. Where an employee's tips are charged on a credit card, those tips must first be converted into cash. However, an employee is not entitled to more than what they earned. The Fair Labor Standards Act permits employers to subtract a sum from an employee's charge gratuity "which reasonably compensates it for its outlays sustained in clearing that tip, without surrendering" its "tip credit." This means that an employer is entitled to reduce the amount of credit card tips paid to the employee by the amount the employer is charged to convert those credit card tips to cash.

An employer may withhold a standard composite percentage from each credit card tip, even if, as a consequence, some deductions will exceed the expense actually incurred in collecting the gratuity so long as the total deductions from an employee's tip income does not benefit the employer.

In order to prevail on this claim, the Plaintiff must prove by a preponderance of the evidence that the Defendants deducted a percentage from the Plaintiff's gratuities charged on a credit card, and that the deduction by the employer resulted in a benefit to the Defendant.

If you find that the Plaintiff has proved the claim, then you must turn to the question of damages which the Plaintiff is entitled to recover.

The measure of Plaintiff's damages are equal to Plaintiff's total non-overtime work hours times $3.02

Source: *Richard v. Marriott Corporation*, 549 F.2d 303, 305 (4th Cir. 1976) (tips are the property of employees to whom they are given); *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 467 (5th Cir. 1979) (tips belong to employees); *Meyers v. Copper Cellar Corp.*, 192 F.3d 546 (6th Cir. 1999); 29 U.S.C. §203(m); 29 C.F.R. §§ 531.52, 531.53; DOL Operation Handbook 30d05(a) (stating that the Wage and Hour Division "will not question the reduction of the credit card tips paid over to the employee if the amount deducted is no greater that the percentage charged by the credit card company."); WH Opt. L. January 13, 2006.

APPROVED:            _____

DENIED:               _____

**GIVEN AS MODIFIED**          _____

**COLE, SCOTT & KISSANE, P.A.**
1645 PALM BEACH LAKES BOULEVARD - 2ND FLOOR  - WEST PALM BEACH, FLORIDA  - (561) 383-9200 - (561) 683-8977 FAX

*PLAINTIFF'S PROPOSED INSTRUCTION NO. 14*

*FAIR LABOR STANDARDS ACT-Credit Card Deduction*

*Where tips are charged on credit cards, employers are allowed to subtract the percentage charged by the credit card company from the amount of the tip paid to the tipped employee. For example, where a credit card company charges an employer 5% on all sales charged to its credit service, the employer may pay the server 95% of the tip without violating the Fair Labor Standards Act.*

*In this case, Plaintiff alleges that Defendant's 3% deduction from credit card tips paid to her violates Defendant's tip pool because the credit card companies used by Defendant reimburse Defendant that 3% deduction from Plaintiff's tips and Defendant does not return that amount to Plaintiff and the other servers in its restaurant.*

*If upon consideration of all the evidence you find that Plaintiff has failed to prove this claim, your verdict should be from Defendant.*

*If, however, you find that Plaintiff has proven her claim that Defendant retained a percentage of her tips by taking an improper credit card deduction, then you must turn to the question of damages which Plaintiff is entitled to recover.*

*If you find that Plaintiff has proven this claim, then you must turn to the question of damages which Plaintiff is entitled to recover. If Defendant has violated the Fair Labor Standards Act by retaining any percentage of Plaintiff's tips, the measure of Plaintiff's damages are equal to Plaintiff's total work hours times $3.02 plus the amount of tips that Plaintiff should have received.*

*Source: DOL Field Operations Handbook 30d05; Richard v. Marriott Corporation, 549 F.2d 303, 305 (4th Cir. 1976) (tips are the property of employees to whom they are given); Barcellona v. Tiffany English Pub, Inc., 597 F.2d 464 (5th Cir. 1979) (tips belong to employees); Meyers v. Cooper Cellar Corp., 192 F.3d 546 (6th Cir. 1999); 29 U.S.C. §203(m); 29 C.F.R. §§531.52, 531.53; DOL Operation Handbook 30d05(a) (stating that the Wage and Hour Division "will not question the reduction of the credit card tips paid over to the employee if the amount deducted is no greater that the percentage charged by the credit card company"); WH Opt. L. January 13, 2006.*

*APPROVED:*　　　　　———————————————

*DENIED:*　　　　　———————————————

*GIVEN AS MODIFIED:*　　　———————————————

**COLE, SCOTT & KISSANE, P.A.**
1645 PALM BEACH LAKES BOULEVARD - 2ND FLOOR - WEST PALM BEACH, FLORIDA - (561) 383-9200 - (561) 683-8977 FAX

INSTRUCTION NO. 15

**FAIR LABOR STANDARDS ACT – Statute of Limitations**

If you determine that the Plaintiff is entitled to recover damages, you may not award any damages incurred more than two years prior to the Plaintiff filing this action. However, if you determine that the violation was "willful" you may award damages incurred within three years from the time the Plaintiff filed this action.

The burden is on the Plaintiff to prove by a preponderance of the evidence that any violation by the Defendant under the Fair Labor Standards Act was willful. A violation of the Fair Labor Standards Act is "willful" if the employer knew, or showed reckless disregard for whether the pay practice at issue violated the Fair Labor Standards Act. Merely action negligently or unreasonably is insufficient to establish willfulness.

Source: Patter Jury Instructions Civil Cases, (11th Cir. 2005) Instruction 1.7.1 (modified); 29 U.S.C. §255(a); 29 U.S.C. §256; *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988); *Alvarez-Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150 (11th Cir. 2008); *Allen v. Board of Public Education for Bibb County*, 495 F.3d 1306 (11th Cir. 2007); *Letcher v. Crawford Indus. Group, LLC*, 2007 WL 1521520 (M.D. Fla. 2007).

APPROVED:  _____

DENIED:  _____

GIVEN AS MODIFIED  _____

## DEFENDANT'S PROPOSED INSTRUCTION NO. 16

### Fair Labor Standards Act – Damages and Good Faith Defense

If you find that the Plaintiff has proven by a preponderance of the evidence that the tip pool at Sambodromo was invalid under the Fair Labor Standards Act, then you may determine an amount that is fair compensation for damages.

The measure of damages in a Fair Labor Standards Act case is the difference between what the Plaintiffs should have been paid and the amount they were actually paid. If the Defendant has violated the Fair Labor Standards Act by maintaining an invalid tip pool, the measure of Plaintiff's damages are equal to Plaintiff's total of non-overtime hours worked at $3.02, the tip credit taken by Defendant. In addition to an award of damages to compensate a plaintiff for unpaid wages, the Fair Labor Standards Act allows a plaintiff to recover liquidated damages, as compensation for a defendant's retention of his or her pay. The Court determines the amount, if any, of liquidated damages to be awarded. However, you are responsible for determining whether or not Defendant' acts were in good faith.

If Defendant can show that they acted in good faith and had a reasonable ground for believing their acts did not violate the Fair Labor Standards Act, the Court in its discretion may deny, or reduce, the amount of liquidated damages to be awarded. In order to avail itself of this defense Defendant must present substantial evidence to show the good faith and reasonable basis for its actions. This burden is two fold in that the Defendant must show.

1) that they acted in good faith; and
2) that their actions were based on a reasonable basis.

In showing a reasonable basis, the question you must ask I whether the Defendant acted, or failed to act, as a reasonably prudent organization would have done under the same circumstances.

The Defendants in this case, are claiming that in the event you determine that they are liable to the Plaintiff for minimum wages, that they acted in good faith in believing they were complying with the law and therefore should not be liable for liquidated damages. You must determine whether it would be unfair to impose upon them more than a compensatory verdict.

Source: 11th circuit Pattern Jury Instructions 1.7.1 (modified). 29 U.S.C. §216(b); *Snapp v. Unlimited Concepts, Inc.*, 208 F.3d 928, 933 (11th Cir. 2000); *Arban v. West Publishing Corp.*, 345 F.3d 390 (6th Cir. 2003); *Williams v. Tri-County Growers*, 747 F.2d 121 (3rd Cir. 1984); *Alvarez-Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150 (11th Cir. 2008).

APPROVED: _____

**DENIED:** _____

**GIVEN AS MODIFIED** _____

**COLE, SCOTT & KISSANE, P.A.**
1645 PALM BEACH LAKES BOULEVARD - 2ND FLOOR  - WEST PALM BEACH, FLORIDA  - (561) 383-9200 - (561) 683-8977 FAX

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 16

### FAIR LABOR STANDARDS ACT-Damages

*If you find that the Plaintiff has proven by a preponderance of the evidence that the tip pool at Sambodromo was invalid under the Fair Labor Standards Act, then you may determine an amount that is fair compensation for damages.*

*If the Defendant has violated the Fair Labor Standards Act by maintaining an invalid tip pool, the measure of Plaintiff's damages are equal to Plaintiff's total of non-overtime hours worked at $3.02 plus any tips that Plaintiff would have received.*

*In a case brought under the Fair Labor Standards Act, such as this one, the Court may award Plaintiff in addition to back wages, liquidated damages in an amount equal to or less than the back wages found to be due.*

*In order to avoid or reduce the liability for such liquidated damages, an employer must convince the Court that its violations of the Fair Labor Standards Act were committed in "good faith" and with reasonable grounds for believing that the acts or commissions leading to the violations were in compliance with the Fair Labor Standards Act.*

*Source:  11th Circuit Pattern Jury Instructions 1.7.1. (modified); DOL Field Operations Handbook 30d01(b); 29 U.S.C. §260; Barcelona v. Tiffany English Pub, Inc., 597 F.2d 464 (5th Cir. 1979); McClanahan v. Mathews, 440 F.2d 320, 322 (6th Cir. 1971).*

*APPROVED:* _____

*DENIED:* _____

*GIVEN AS MODIFIED:* _____

COLE, SCOTT & KISSANE, P.A.
1645 PALM BEACH LAKES BOULEVARD - 2ND FLOOR - WEST PALM BEACH, FLORIDA - (561) 383-9200 - (561) 683-8977 FAX

*PLAINTIFF'S PROPOSED INSTRUCTION NO. 16(a)*

*FAIR LABOR STANDARDS ACT-Liquidated Damages*

*In a case brought under the Fair Labor Standards Act, such as this one, the Court may award Plaintiff in addition to back wages, liquidated damages in an amount equal to or less than the back wages found to be due.*

*In order to avoid or reduce the liability for such liquidated damages, an employer must convince the Court that its violations of the Fair Labor Standards Act were committed in "good faith" and with reasonable grounds for believing that the acts or commissions leading to the violations were in compliance with the Fair Labor Standards Act.*

*Source:  29 U.S.C. §260; Barcelona v. Tiffany English Pub, Inc., 597 F.2d 464 (5th Cir. 1979); McClanahan v. Mathews, 440 F.2d 320, 322 (6th Cir. 1971).*

*APPROVED:* _____

*DENIED:* _____

*GIVEN AS MODIFIED:* _____

**COLE, SCOTT & KISSANE, P.A.**
1645 PALM BEACH LAKES BOULEVARD - 2ND FLOOR  - WEST PALM BEACH, FLORIDA  - (561) 383-9200 - (561) 683-8977 FAX

## DEFENDANT'S PROPOSED INSTRUCTION NO. 17

### Damages – Effect on Instruction

If you find that the Plaintiff has proven her claim, then you must consider the question of damages.

The fact that I will instruct you as to the proper measure of damages does not mean that I am of the opinion that the Plaintiff is or is not entitled to recover any damages in this case. I am expressing no opinion on that subject one way or the other. Instructions as to the measure of damages are given for your guidance in the event that you find in favor of the Plaintiff on the question of liability, by a preponderance of the evidence, in accordance with my other instructions.

Source: *Bray v. Safeway Stores, Inc.*, 392 F.Supp. 851, *cause dism'd*, 403 F.Supp. 412 (N.D. Cal. 1975).


APPROVED:                    _____


DENIED:                      _____


GIVEN AS MODIFIED            _____

COLE, SCOTT & KISSANE, P.A.
1645 PALM BEACH LAKES BOULEVARD - 2ND FLOOR - WEST PALM BEACH, FLORIDA - (561) 383-9200 - (561) 683-8977 FAX

INSTRUCTION NO. 18

**Duty To Deliberate**
**When Only The Plaintiff Claims Damages**

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement, if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

Source: 11th circuit Pattern Jury Instructions, 7.2.

APPROVED: _____

DENIED: _____

GIVEN AS MODIFIED _____

**COLE, SCOTT & KISSANE, P.A.**
1645 PALM BEACH LAKES BOULEVARD - 2ND FLOOR - WEST PALM BEACH, FLORIDA - (561) 383-9200 - (561) 683-8977 FAX

INSTRUCTION NO. 19
**Prejudice And Sympathy**

Your verdict must be based on the evidence that has been received and the law on which I have instructed you.  In reaching your verdict, you are not to be swayed from the performance of your duty by prejudice, sympathy, or any other sentiment for or against any party.

Source:  11th circuit Pattern Jury Instructions, 2.1, 2.2 (modified)

APPROVED: _____

DENIED: _____

GIVEN AS MODIFIED _____

**COLE, SCOTT & KISSANE, P.A.**
1645 PALM BEACH LAKES BOULEVARD - 2ND FLOOR - WEST PALM BEACH, FLORIDA - (561) 383-9200 - (561) 683-8977 FAX

INSTRUCTION NO. 20

**Election Of Foreperson**
**Explanation Of Verdict Form(s)**

When you go to the jury room you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

Source: 11th circuit Pattern Jury Instructions, 8.0.

APPROVED:                    _____

DENIED:                          _____

GIVEN AS MODIFIED      _____

L:\1085-0057-00\P\Joint Jury Instructions.doc